# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DENISE FRANKS,**

    **Plaintiff,**

v.                                                        **CASE NO. 8:07-CV-1330-T-EAJ**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

## ORDER

Before the court is Plaintiff's **Petition for Attorney Fees** (Dkt. 29) and Defendant's **Opposition to Plaintiff's Motion for Attorney Fees** (Dkt. 31). Plaintiff requests an award of attorneys' fees in the amount of $2,339.33 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (1992). Defendant objects to Plaintiff's petition arguing that Plaintiff's petition is premature because Plaintiff has appealed this court's decision to the United States Court of Appeals for the Eleventh Circuit (Dkt. 31 at 1-3).

The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not "substantially justified," unless special circumstances make an award unjust. § 2412(d)(1)(A). This court's order remanding this case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) (Dkt. 24) entitles Plaintiff to prevailing party status under the EAJA because Plaintiff obtained a "sentence four" judgment. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993). In this case, the Government's position was not substantially justified.

The EAJA requires a party seeking an award of fees to submit an application for such fees

to the court "within thirty days of final judgment in the action." § 2412(d)(1)(B). The EAJA defines "final judgment" as a judgment that is "final and not appealable." § 2412(d)(2)(G). Thus, in sentence four cases, the period for requesting an award of fees begins after the final judgment is entered by the court and the appeals period has run, so that the judgment is no longer appealable. Schaefer, 509 U.S. at 298. See also Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Boronat v. Sullivan, 788 F. Supp. 557, 559-60 n.3 (S.D. Fla. 1992) (thirty-day period for filing EAJA application for attorneys' fees begins after the court enters final judgment and the sixty-day appeals period has run).

Judgment for Plaintiff was entered on July 25, 2008 (Dkt. 25), and Plaintiff's Notice of Appeal of this court's decision was filed on September 23, 2008 (Dkt. 26). Plaintiff's Petition for Attorney Fees (Dkt. 29) was filed on October 23, 2008. Because Plaintiff timely filed her Notice of Appeal before the time to appeal expired, there is no "final judgment" in this case. Accordingly, Plaintiff's fee petition is premature and may be renewed when there is a final judgment.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1)   Plaintiff's **Petition for Attorney Fees** (Dkt. 29) is **DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW**.

**DONE AND ORDERED** at Tampa, Florida this 9th day of December, 2008.

ELIZABETH A JENKINS
United States Magistrate Judge