# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**DENISE FRANKS,**

     **Plaintiff,**

**v.**                                                          **CASE NO. 8:07-CV-1137-T-EAJ**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

     **Defendant.**

_____/

## ORDER

Before the court is Plaintiff's **Petition for Attorney Fees** (Dkt. 37). Plaintiff requests an award of attorneys' fees in the amount of $2,859.08 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (1992). Plaintiff represents that Defendant has no objection to Plaintiff's application (Dkt. 24 at 3). As will be discussed <u>infra</u>, Plaintiff has satisfied all jurisdictional requirements for this court to grant the instant motion for attorneys' fees.

The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not "substantially justified," unless special circumstances make an award unjust. § 2412(d)(1)(A). This court's order remanding this case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) (Dkt. 24) entitles Plaintiff to prevailing party status under the EAJA because Plaintiff obtained a "sentence four" judgment. <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302-03 (1993). In this case, the Government's position was not substantially justified.

The EAJA requires a party seeking an award of fees to submit an application for such fees to the court "within thirty days of final judgment in the action." § 2412(d)(1)(B). The EAJA defines

"final judgment" as a judgment that is "final and not appealable." § 2412(d)(2)(G). Thus, in sentence four cases, the period for requesting an award of fees begins after the final judgment is entered by the court and the appeals period has run, so that the judgment is no longer appealable. Schaefer, 509 U.S. at 298. See also Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Boronat v. Sullivan, 788 F. Supp. 557, 559-60 n.3 (S.D. Fla. 1992) (thirty-day period for filing EAJA application for attorneys' fees begins after the court enters final judgment and the sixty-day appeals period has run).

Judgment for Plaintiff was entered on February 4, 2009 (Dkt. 36) and Plaintiff's motion for attorneys' fees was filed on March 30, 2009. By the date of this order, the sixty-day appeals period has run and the court's remand order has become the final judgment and is no longer appealable. Accordingly, this court has jurisdiction to award the requested fees.

Moreover, as the hourly rate and number of hours are not in dispute, the court finds it unnecessary to determine whether the application, if contested, otherwise complies with the EAJA. This court will therefore grant Plaintiff's request for attorneys' fees.

Finally, Plaintiff requests that the fee award be paid directly to his attorney. The Eleventh Circuit recently held that the EAJA statute unambiguously requires an attorneys' fee award to be paid directly to the prevailing party and not to the party's attorney. Reeves v. Astrue, 526 F.3d 732, 735 (11th Cir. 2008). However, in this case, Plaintiff has assigned the EAJA award to his counsel (Dkt. 37-3). Further, Defendant has not opposed the assignment or otherwise opposed the payment of the fee award directly to Plaintiff's counsel in this case. Therefore, the fee award is payable directly to Plaintiff's counsel. See McCullough v. Astrue, 565 F. Supp. 2d 1327, 1332 (M.D. Fla. 2008) (finding Reeves does not prevent an assignment of fees).

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1)     Plaintiff's Petition for Award of Attorney's Fees (Dkt. 37) is **GRANTED**; and

(2)     Plaintiff's counsel, Michael A. Steinberg, Esq., shall be awarded $2,859.08 in attorney's fees under the Social Security Act.

**DONE AND ORDERED** in Tampa, Florida this 7th day of April, 2009.


ELIZABETH A JENKINS
United States Magistrate Judge